**WO** KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Cahill, | No. CV 05-741-PHX-MHM (JCG) |
| Plaintiff, | **ORDER** |
| vs. | |
| Officer Brittain, et al., | |
| Defendants. | |

On March 8, 2005, Plaintiff William Cahill, presently confined in the Arizona State Prison Complex-Yuma[1], filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. The Court dismissed Plaintiff's Complaint with leave to amend on July 5, 2005 (Doc. #7). Plaintiff filed a First Amended Complaint ("Amended Complaint") on August 8, 2005 (Doc. #9).

**Statutory Screening and Complaint**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

---

[1] Plaintiff was confined in the Maricopa County Jail at the time he filed the original Complaint. The Court will issue a new order for payment of the filing fee to the Arizona Department of Corrections.

**TERMPSREF**

1  may be granted, or that seek monetary relief from a defendant who is immune from such
2  relief.  28 U.S.C. § 1915A(b)(1), (2). The Court also must dismiss a complaint or portion
3  thereof if Plaintiff fails to exhaust any administrative remedy available to him.  42 U.S.C. §
4  1997e(a).

**Amended Complaint**

The following are named as Defendants to the Amended Complaint: 1) Brittain, Badge #1725, Detention Officer, Maricopa County Sheriff's Office; 2) Joseph Arpaio, Maricopa County Sheriff; 3) Unknown Supervisor, Shift Supervisor, Maricopa County Sheriff's Office; and 4) Unknown Jail Commander, Maricopa County Sheriff's Office. Plaintiff alleges three grounds for relief in the Amended Complaint and seeks money damages.

**Discussion of Claims**

**Count I**

In Count I, Plaintiff claims that Defendant Brittain used excessive force on Plaintiff when, after handcuffing Plaintiff, he slammed Plaintiff's head into the wall causing Plaintiff to suffer bruising, lacerations, migraine headaches, blurred vision, ringing in his ears, and blackouts.  Plaintiff further alleges that these actions constitute a violation of his Eighth and Fourteenth Amendment rights.

When an inmate claims that prison officials violated his Eighth Amendment rights by using excessive physical force, the relevant inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). The injury suffered by the inmate need not rise to the level of objective seriousness required by other Eighth Amendment claims, but it must be something more than *de minimis*. Id. at 9-10.

Plaintiff alleges that, in this case, Defendant Brittain did not use force to maintain or restore discipline and that "there was no reason that justified or warranted" the use of force. The Court will require Defendant Brittain to answer this claim.

In Count I Plaintiff also alleges that Defendants Unknown Supervisor and Unknown

1  Jail Commander failed to take any disciplinary action against Defendant Brittain after
2  Defendant reported the excessive force incident to them.  Plaintiff further alleges that
3  Defendant Arpaio has a policy of promoting the use of force within the Maricopa County
4  Jails.

5  To state a claim against a state official, the civil rights complainant must allege that
6  the official personally participated in the constitutional deprivation or that a state supervisory
7  official was aware of widespread abuses and with deliberate indifference to the inmate's
8  constitutional rights, failed to take action to prevent further misconduct.  King v. Atiyeh, 814
9  F.2d 565, 568 (9th Cir. 1987); See  Monell v. New York City Department of Social Services,
10  436 U.S. 658, 691 (1978).  There is no *respondeat superior* liability under § 1983, and
11  therefore, a defendant's position as the supervisor of persons who allegedly violated
12  Plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. 658;  Hamilton
13  v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992);  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.
14  1989).

15  In this case, Plaintiff does not allege that Defendants Unknown Supervisor or
16  Unknown Jail Commander personally participated in the deprivation of Plaintiff's
17  constitutional rights, or failed to prevent the deprivation of his constitutional rights.
18  Accordingly, Defendants Unknown Supervisor and Unknown Jail Commander will be
19  dismissed.

20  Plaintiff's allegation that Defendant Arpaio has a policy of condoning the use of force
21  within the Maricopa County Jails adequately states a claim and the Court will require
22  Defendant Arpaio to file an answer.

23  **Count II**

24  In Count II, Plaintiff alleges that the facts stated in Count I also threatened his safety
25  in violation of the Eighth and Fourteenth Amendments.  Because Count II raises claims
26  essentially identical to those in Count I, the Court will dismiss Count II as duplicative.

27  **Count III**

28  In Count III, Plaintiff alleges that he filed several grievances on the excessive force

TERMPSREF

- 3 -

incident but that jail authorities failed to respond to his grievances, in violation of the Eighth and Fourteenth Amendments.

"There is no legitimate claim of entitlement to a [prison] grievance procedure," Mann v. Adams, 855 F.2d 639, 640 (9th Cir.), cert. denied, 488 U.S. 898 (1988). Because inmate grievance procedures are not constitutionally required in state prison systems, the failure to follow grievance procedures does not give rise to a § 1983 claim. Spencer v. Moore, 638 F.Supp. 315, 316 (E.D.Mo. 1986) (if state elects to provide grievance mechanism, violations thereof will not deprive inmates of constitutional rights); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982) (a grievance procedure is procedural right only and does not confer any substantive right upon inmates and, therefore, does not give rise to protected liberty interest); See also Williams v. Meese, 926 F.2d. 994, 998 (10th Cir. 1991) (claim that grievance procedure was inadequate dismissed as conclusory). Accordingly, failure to respond to Plaintiff's grievances does not state a claim for § 1983 purposes and these claims will be dismissed.

**Rule 41 Cautionary Notice**

Plaintiff should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the Court), cert. denied, 506 U.S. 915 (1992).

**IT IS THEREFORE ORDERED** as follows:

(1) Counts II and III of the Amended Complaint are DISMISSED without prejudice for failure to state a claim;

(2) Defendants Unknown Supervisor and Unknown Jail Commander are DISMISSED without prejudice from this action;

(3) The Clerk of Court shall send Plaintiff a service packet including the Amended Complaint (Doc. #9), this Order, and both summons and request for waiver forms for Defendants Brittain and Arpaio;

(4) Plaintiff shall complete and return the service packet to the Clerk of Court within twenty (20) days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order;

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on Defendants within one hundred twenty (120) days of the filing of the Complaint or within sixty (60) days of the filing of this Order, whichever is later, the action may be dismissed as to Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i);

(6) The United States Marshal shall retain the Summons, a copy of the Amended Complaint, and a copy of this Order for future use;

(7) The United States Marshal shall notify Defendants Brittain and Arpaio of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by a Defendant within thirty (30) days from the date the request for waiver was sent by the Marshal, the Marshal shall:

    (a) Personally serve copies of the Summons, Amended Complaint (Doc. #9), and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

    (b) Within ten (10) days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of

service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court;

(8) **If a Defendant agrees to waive service of the Summons and Amended Complaint, the Defendant shall return the signed waiver forms to the United States Marshal, not the Plaintiff;**

(9)  Defendants Brittain and Arpaio shall answer Count I of the Amended Complaint (Doc. #9) or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure;

(10) Any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed.  The Court may strike any answer or responsive pleading that does not identify the specific Defendant(s) by name on whose behalf it is filed;

(11)  Plaintiff shall serve upon Defendants, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendant or counsel.  Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court;

(12) At all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date.  Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief.  Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure;

(13) A clear, legible copy of every pleading or other document filed shall accompany

...

1 each original pleading or other document filed with the Clerk for use by the District Judge
2 or Magistrate Judge to whom the case is assigned. Failure to comply with this requirement
3 will result in the pleading or document being stricken without further notice to Plaintiff; and
4     (14) This matter is referred to Magistrate Judge Jennifer C. Guerin pursuant to Local
5 Rules of Civil Procedure 72.1 and 72.2 for further proceedings.
6     DATED this 6th day of April, 2006.

_____
Mary H. Murguia
United States District Judge

TERMPSREF

- 7 -