**WO**                                                                                           LMH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Cahill,           ) | No. CV 05-0741-PHX-MHM (JCG) |
|               Plaintiff,  ) | |
|                           ) | **ORDER** |
| vs.                       ) | |
|                           ) | |
| Joe Arpaio, et al.,       ) | |
|               Defendants. ) | |

In this civil rights action, Defendants moved to dismiss for lack of exhaustion (Doc. #16). Plaintiff responded, and Defendants replied (Doc. ##20, 22). The Court will deny the Defendants' motion.

## I. The Exhaustion Requirement

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the

method to be used in resolving the factual dispute. <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

**II. Parties' Contentions**

After the Court screened Plaintiff's First Amended Complaint, the remaining claim was Count I, in which Plaintiff alleged that Defendant Officer Brittain used excessive force while transporting him to court and that Defendant Maricopa County Sheriff Joseph Arpaio had a policy of promoting the use of force (Doc. #12). Plaintiff alleged that he exhausted his claim to the highest level and explained that:

> Disciplinary actions are not grievable, as stated therein via the official response, thereto I would not be notified of any outcome or receive any relief thereby.

(Doc. #9 at 4).

Defendants Brittain and Arpaio moved to dismiss, contending that Plaintiff failed to exhaust all available remedies because he did not appeal an intermediary decision by the Hearing Officer to the next level (Doc. #16 at 3). In support, they submit the affidavit of Inmate Hearing Unit Sergeant Zelean Tademey, copies of jail policies for grievances, and a copy of the grievance filed by Plaintiff (Tademy Aff. ¶¶ 1, 6, Exs. A-C, Doc. #16). The grievance shows that at the informal resolution level, the detention officer's response essentially explained that the force was appropriate and that Plaintiff was given medical attention (Ex. C, Doc. #16). Plaintiff pressed on to shift supervisor, whose response indicated that Plaintiff had received a disciplinary action report from the incident and an internal report was made about the injury (<u>Id.</u>). Plaintiff continued on to the formal grievance level, and the Hearing Officer's response was that Plaintiff's grievance was "being looked in to by the proper authorities" and that he would not "have privilege to any outcomes of such investigations" (<u>Id.</u>). Defendants contend that Plaintiff should have then appealed to the Jail Commander, and his failure to do so demonstrates lack of exhaustion.

In his Response, Plaintiff alleged that the Hearing Officer, besides informing him that the matter was being investigated, also told him that his grievance was based on a disciplinary matter that was non-grievable and that he could file a civil action in the federal

1 court (Pl.'s Aff. ¶ 4(c), Ex. 1, Doc. #20).  The Hearing Officer also refused to provide
2 Plaintiff with a form for an Institutional Grievance Appeal, the next step in the process (Doc.
3 #20 at 3).  According to Plaintiff, the appeal forms are available only through the office of
4 the Hearing Officer and not through the "floor officer" (Pl.'s Aff. ¶ 4(c), Ex. 1, Doc. #20).
5 He could not appeal without the form.

6 At the same time that Plaintiff's grievance was pending before the Hearing Officer,
7 he was found guilty of a disciplinary violation arising from the same incident (Ex. B at 2,
8 Doc. #20).  An inmate may appeal a disciplinary decision, and when Plaintiff pursued that
9 route, his appeal was denied (Id. at 3).  Plaintiff disputes that he ever received a copy of the
10 jail's Inmate Rules and Regulations, but he points out that the Rules and Regulations provide
11 that "You CANNOT grieve disciplinary actions . . . ." (Pl.'s Aff. ¶¶ 4(a)-(b), Ex. 1 & Ex. A
12 at 17, Doc. #20).  His argument implies that the language in the policy is additional evidence
13 that he could not continue to pursue his grievance claiming excessive force, which was
14 factually intertwined with the disciplinary matter.

15 Defendants reply that when Plaintiff received a response from the Hearing Officer,
16 the preprinted language on the bottom of the form stated that if he was not satisfied, he could
17 appeal (Doc. #21 at 2).  They further contend that disciplinary actions are a system separate
18 from the formal grievance system and while Plaintiff totally exhausted the disciplinary
19 sanctions, he did not exhaust his excessive force claim (Id. at 3-4).

20 **III. Analysis**

21 As stated, Defendants bear the burden of demonstrating what remedies are
22 "available."  See Wyatt, 315 F.3d at 1119; Brown, 422 F.3d at 936-37.  Relevant evidence
23 on what remedies are "available" includes official directives that explain the process,
24 documentary or testimonial evidence from prison officials who review the process, as well
25 as information provided to the inmate about how the process works. Brown, 422 F.3d at 937.
26 When there is no possibility of some relief in the administrative process, further attempts at
27 exhaustion are unnecessary. Id. at 935.

28

1    Plaintiff claims that he did not receive the Rules and Regulations describing the
2 grievance process, and Tademy asserts that they are provided to all inmates upon booking
3 (Tademy Aff. ¶ 4, Ex. A. Doc. #16). Regardless, neither party disputes that the Rules and
4 Regulations expressly provide that disciplinary actions may not be grieved. Under
5 Defendants' interpretation, this means that excessive force claims can be grieved even when
6 such a claim is based on the same facts as the disciplinary action. The language in Rules and
7 Regulations is sufficiently confusing such that Plaintiff's interpretation that he could not
8 grieve his excessive force claim is reasonable. See Brown, 422 F.3d at 937 (citing Johnson
9 v. Testman, 380 F.3d 691, 697 (2d Cir. 2004)). Even so, Plaintiff admits he did not have the
10 Rules and Regulations, and he did grieve his excessive force claim, at least in the initial
11 stages of the grievance process.

12    The grievance process, however, became unavailable midway through the process.
13 This action is remarkably similar to Brown v. Valoff, 422 F.3d 926 (9th Cir. 2005). Brown
14 grieved an excessive force claim. At an intermediary level, he was informed that his appeal
15 was partially granted, that the matter had been turned over to the internal affairs office for
16 investigation, and that he would be notified of the disposition of his complaint but not about
17 any disciplinary action taken against the officer. Id. at 931. Brown did not appeal to the next
18 level, but he inquired about the status of the investigation. Id. The Ninth Circuit affirmed
19 the district court's finding that the inmate had been provided with all the relief that the
20 administrative process could provide. The court of appeals found that from the prison's
21 communication to Brown, he could have reasonably understood that no further relief was
22 available, so the exhaustion requirement was satisfied. Id. at 938.

23    Similarly, Plaintiff had no reason to believe that he could secure any relief after the
24 Hearing Officer told him that (1) the matter was under investigation and he would not be
25 notified of the results, (2) he could not appeal and would not be given a form, and (3) he
26 should proceed to federal court. Defendants have not submitted any evidence controverting
27 Plaintiff's evidence on what he was told; notably, there is no affidavit by the Hearing Officer
28 disputing Plaintiff's version of events. "Establishing, as an affirmative defense, the existence

of further 'available' administrative remedies requires evidence, not imagination." See Brown, 422 F.3d at 940. Moreover, Plaintiff's version of events is credible, particularly considering the consistency between the allegation in his Complaint and the Hearing Officer's written response that the matter was being investigated and he would not be notified of any outcome.

In addition, the Court is not persuaded by Defendants' contention that Plaintiff should have appealed because the preprinted form response from the Hearing Officer described the availability of appeal. This fact is outweighed by the evidence that the Hearing Officer informed Plaintiff that no appeal was available. See Brown, 422 F.3d at 942 n. 17 (the availability of administrative relief depends upon how the prison treats and views the complaint based on its own procedures, not necessarily what is contained on a preprinted form). Finally, Plaintiff appealed the decision on the disciplinary action, and there was nothing in the jail's policy which made it clear that he could have continued to appeal his excessive force claim. Accordingly, the Court finds that Plaintiff had no further possibility of some relief and thus did not need to continue to attempt to exhaust. The exhaustion requirement was satisfied.

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. #16) is **denied**.

DATED this 2nd day of November, 2006.

_____
Mary H. Murguia
United States District Judge