WO                                                                                              JWB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

William Cahill,                          )   No. CV 05-741-PHX-MHM (JCG)
                                         )
            Plaintiff,                   )   **ORDER**
                                         )
vs.                                      )
                                         )
Officer Britain, et al.,                 )
                                         )
            Defendant.                   )
_____)

       Before the Court is Defendants' Motion for Summary Judgment (Doc. # 45). Plaintiff did not respond to the motion, although he was informed of his right and obligation to do so (Doc. # 47). Also pending before the Court is Defendants' Motion for Extension of Time to Comply with the Court's July 26, 2007 Order (Doc. # 51). The Court will grant Defendants' summary judgment motion, deny their Motion for Extension of Time as moot, and terminate this action with prejudice.

**I.     Background**

       Plaintiff filed this action on March 8, 2005 alleging violations of his constitutional rights stemming from an incident at the Maricopa County Jail (Doc. # 1). Plaintiff's original Complaint was dismissed with leave to amend (Doc. # 7). Plaintiff filed a First Amended Complaint on August 8, 2005, naming Maricopa County Sheriff Joseph Arpaio, Officer Britain, and two other unknown officers as Defendants. Plaintiff presented three claims for relief: Count I alleged a claim of excessive force, Count II was duplicative of Count I, and Count III alleged that jail officials failed to respond to his grievances (Doc. # 9). The Court

1    ordered Arpaio and Britain to answer Count I and dismissed the remaining claims and

2    Defendants without prejudice for failure to state a claim (Doc. # 12).

3        Arpaio and Britain now move for summary judgment on Count I, Plaintiff's claim of

4    excessive force.[1]   Defendants contend that Plaintiff cannot establish that Britain used

5    excessive force against Plaintiff because (1) Plaintiff's injuries were merely *de minimus* and

6    (2) the use of force was necessary.   Britain also contends that he is entitled to qualified

7    immunity.

8        Plaintiff was informed of his right and obligation to respond to Defendants' motion

9    (Doc. # 47).[2]   Plaintiff did not file a Response despite receiving an extension of time to

10    respond (Doc. ## 54, 56).   The Court will, however, consider Plaintiff's verified First

11    Amended Complaint as a Response in Opposition to Defendants' motion.[3]

12    **II.    Factual History**

13        On February 14, 2005, Britain was responsible for transporting ten inmates from the

14    Maricopa County Towers Jail to their court appearances (Doc. # 46,  Defendants' Statement

15    of Facts (DSOF) ¶ 1).   That morning, inmates were not wearing leg irons due to a shortage

16    at the jail (id. at ¶ 3).   At the time, the Towers Jail was housing inmates classified as

17    maximum security (id. at ¶ 4).   Plaintiff was among the inmates being transferred to court on

18    the morning of February 14, 2005 (id. at ¶ 5).   Britain ordered Plaintiff to approach the area

19    where Britain was securing other inmates, but Plaintiff did not respond.   Britain repeated his

20    request, but again received no response.   After Britain's third request, Plaintiff responded,

21    "[f]*** you.   You don't have to talk to me like I'm f***ing stupid" (id. at ¶ 6).   Britain

22

23    _____

24        [1] Arpaio and Britain filed a Motion to Dismiss for lack of exhaustion, which was
     denied (See Doc. ## 16, 25).

25        [2] Notice required pursuant to Rand v. Rowland, 154 F.3d 952, 962 (9th Cir. 1998) (en

26    banc).

27        [3]A verified complaint may be used as an affidavit opposing summary judgment if it
     is based on personal knowledge and sets forth specific facts admissible in evidence.

28    Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir. 1995).

1   instructed Plaintiff to quiet down, but Plaintiff kept swearing (id. at ¶ 7).  Then, as Britain

2   approached Plaintiff to place him in leg chains, Plaintiff aggressively turned toward Britain

3   (id. at ¶ 8).  Britain then physically turned Cahill into the wall to gain control over Plaintiff

4   and secure him in leg chains (id. at ¶ 9).  To achieve this, Britain grabbed Cahill by the back

5   of his shirt and placed him against the wall (id. at ¶ 10).  Britain was then able to secure

6   Plaintiff in leg chains.

7        After the inmates were all secured, Plaintiff remained belligerent.  As a result,

8   Plaintiff was sequestered from the other inmates (id. at ¶ 12).  It was at that time that Officer

9   Sheline noticed a small cut over Plaintiff's right eye (id. at ¶ 13).  Plaintiff was taken to

10  medical and was treated with peroxide and a bandage, but Plaintiff did not request pain

11  medication (id. at ¶¶ 14-15).  Nurse Nunnery, who treated Plaintiff, made a report of

12  Plaintiff's visit.  She noted that Plaintiff had a (1) .5 centimeter scrape above the right

13  eyebrow, (2) a two centimeter scrape down the center of his forehead, and (3) a short vertical

14  scrape above the left eyebrow (id. at ¶ 16).  She noted that there was no swelling and the

15  scrapes were only of the very top layer of skin with a small amount of blood dried along the

16  scrapes (id. at ¶ 17).

17  **III.   Legal Standard**

18       **A.   Summary Judgment Standard**

19       A court must grant summary judgment if the pleadings and supporting documents,

20  viewed in the light most favorable to the non-moving party, "show that there is no genuine

21  issue as to any material fact and that the moving party is entitled to judgment as a matter of

22  law."  Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

23  Under summary judgment practice, the moving party bears the initial responsibility of

24  presenting the basis for its motion, and identifying those portions of the record, together with

25  affidavits, which it believes demonstrate the absence of a genuine issue of material fact.

26  Celotex Corp., 477 U.S. at 323.  If the moving party meets its initial responsibility, the

27  burden then shifts to the opposing party who must demonstrate that the fact in contention is

28  material and that the dispute is genuine.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248,

250 (1986); see Triton Energy Corp. v. Square D. Co., 68 F.3d 1216, 1221 (9th Cir. 1995). A fact is material if it might affect the outcome of the suit under the governing law. Anderson, 477 U.S. at 248. A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 250. The opposing party need not establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968). Finally, when considering a summary judgment motion, the evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

**B.    Excessive Force**

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). To determine if an official used excessive force, the Court must consider "(1) the extent of the injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the reasonable officers; and (5) any efforts made to temper the severity of a forceful response." Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003), quoting Hudson v. McMillian, 503 U.S. 1 (1992).

**IV.    Analysis**

In failing to respond to Defendants' summary judgment motion, Plaintiff did not contradict the facts as recited by Defendants. Indeed, in Plaintiff's verified First Amended Complaint, Plaintiff merely states that Britain had no reason to use force. But Plaintiff's statement does not contradict Britain's evidence that: (1) Plaintiff was belligerent and swearing and (2) Plaintiff turned aggressively toward Britain when he was attempting to secure Plaintiff in leg chains (DSOF ¶¶ 6-8).

With respect to the first prong of the Hudson analysis, the undisputed summary judgment evidence reflects that Plaintiff did not suffer anything more than *de minimus* injury

1   from Britain's conduct (DSOF ¶¶ 16-17; Doc. # 46, Ex. 3 at ¶ 6). Plaintiff has not introduced

2   any evidence that he suffered anything more than three superficial scrapes along his

3   forehead. Moreover, Plaintiff never requested or received pain medication or any other

4   treatment besides the application of a bandage over the scrapes (id. at ¶ 10). This factor,

5   therefore, weighs in Britain's favor.

6        Second, the Court finds that Britain was justified in using the force required to obtain

7   Plaintiff's compliance. Plaintiff has not disputed that he was belligerent or that he turned

8   aggressively toward Britain. In those circumstances, Britain was justified in using some

9   degree of force to bring Plaintiff into compliance. Consequently, this factor supports Britain.

10        In determining that some degree of force was necessary, the Court must now turn to

11   whether the amount of force actually used was justified. Britain has testified that he grabbed

12   Plaintiff by the shirt and placed him against the wall (Doc. # 50 at ¶ 19). Plaintiff's verified

13   First Amended Complaint states that Britain slammed Plaintiff's head into the wall (Doc. #

14   9 at 6). But in contrast to Britain's statements, which are supported by evidence, Plaintiff's

15   conclusory allegations are not. Conclusory allegations, unsupported by factual material, are

16   insufficient to defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045

17   (9th Cir. 1989). And here, the evidence that Plaintiff only received suffered superficial

18   scrapes on his forehead is consistent with Britain's version of the events. This factor,

19   therefore, weighs in Britain's favor.

20        This is especially true when considering the threat reasonably perceived by Britain in

21   view of Plaintiff's status as a maximum custody inmate, his belligerence, and his aggressive

22   turn. As a result, the Court finds that forcibly placing Plaintiff against the wall was a

23   reasonable amount of force to gain Plaintiff's compliance. This factor also weighs in

24   Britain's favor.

25        Finally, the Court considers any actions taken to temper the use of force. Britain has

26   testified that he ordered Plaintiff to be quiet before he used any force. Britain does not

27   identify any other actions taken to temper the use of force, but in view of the Court's

28   determination that Britain's actions were reasonable and justified as compared to Plaintiff's

1    actions, this factor weighs in Britain's favor.

2          In sum, when viewing the summary judgment evidence in the light most favorable to

3    Plaintiff, the Court finds that there is no disputed issue of fact left for trial.  And because the

4    Court finds that no reasonable jury could find that Britain used excessive force against

5    Plaintiff, there is no theory by which Arpaio could be responsible for any alleged injury

6    Plaintiff sustained.  Defendants are, therefore, entitled to summary judgment.

7    **V.    Pending Motion**

8          Defendants have also filed a Motion for Extension of Time to Comply with the

9    Court's July 26, 2007 Order (Doc. # 51).  But because Defendants are entitled to summary

10   judgment, the Court will deny the motion for extension as moot.

11         **IT IS ORDERED:**

12         (1) Defendant's Motion for Summary Judgment (Doc. # 45) is **GRANTED**;

13         (2) Defendants' Motion for Extension of Time to Comply with the Court's July 26,

14   2007 Order (Doc. # 51) is **DENIED AS MOOT**;

15         (3) Plaintiff's action is dismissed with prejudice and the Clerk of Court must enter

16   judgment accordingly.

17         DATED this 8th day of January, 2008.

18

19

20   _____

21   Mary H. Murguia
     United States District Judge

22

23

24

25

26

27

28